### TRIMBLE v OAKLEY BANK

Ohio Appeals, 1st Dist, Hamilton Co
Decided Oct 13, 1930

Harry Hess, Cincinnati, for Trimble.
Kelley & Remke, Cincinnati, for Bank.

ROSS, J.

It is urged that because in the appeal undertaking the justice stated "that whereas on the 27th day of September, A. D., 1929, the Oakley Bank obtained judgment, etc.", that the time was extended to 30 days from the 27th of September. We do not consider this contention correct, as the transcript definitely shows that the judgment was rendered on September 17. The error recited in the appeal undertaking cannot be effective to change the actual date of the judgment as appears in the transcript of the proceedings of the justice.

It is further contended that a request having been made for a separate finding of fact and law and granted by the justice that the time must run from the date of the separate finding of fact and law. This contention we hold also untenable, in view of the fact that the law prescribes no authority for such a request upon a justice of the peace, and in view further that the only proceeding from the justice of the peace is that of appeal. The function of the separate finding of fact and law is to determine whether or not the court was correct in its application of the law to the facts; and, further, whether or not the court's findings of fact were consistent with the evidence in the case. In an appeal proceeding all of these considerations are removed, for the reason that if the appeal is properly perfected the upper court considers the matter de novo, and the findings of the justice of the peace can be of no interest whatever in the consideration of the cause on appeal.

It is also contended that the judgment is defective, in that it does not specifically state that judgment was rendered in favor of specific defendants named therein.

There can be no dispute that the justice of the peace rendered judgment against the defendants in the cause, and it was not necessary that a specific paper, designated "judgment entry" should be filed among the papers, the justice having entered the judgment upon his docket as is the custom, and in accordance with law, the defendants in the case being named in his docket as appears from the transcript.

For these reasons, the judgment of the court of common pleas will be affirmed.

Cushing, PJ, and Hamilton, J, concur.